### In re GRAND JURORS' MILEAGE.

(District Court, D. Delaware. February 6, 1903.)

1. GRAND JURORS—MILEAGE—COMPUTATION.

The legal fiction that a term of court is but one day cannot affect the construction of section 852 of the United States revised statutes, as amended [U. S. Comp. St. 1901, p. 656], relating to the allowance of mileage compensation to jurors.

**2. SAME.**

> Where grand jurors in obedience to due process attended the District Court of the United States in Delaware on the first day of the term, and were on the same day discharged by the court until the thirteenth day thereafter, on which latter day they duly attended and were finally discharged, *held*, that they were entitled to mileage compensation for two round ,trips, or four single trips, between their residence and the place of holding court.

(Syllabus by the Court.)

William Michael Byrne, District Attorney.

BRADFORD, District Judge. The point for determination arises on an objection taken by the District Attorney on behalf of the United States to certain items of mileage compensation for grand jurors at the present term, reported by the clerk to the court for allowance. The present term began January 13, 1903, on which day grand jurors duly summoned attended the court. After returning a number of indictments the jurors, in the afternoon of the same day, on the application of the District Attorney, were discharged by the court until January 26, 1903, on which day they again attended the court, returned a number of other indictments, and were finally discharged. It appears from the report of the clerk that in the case of each juror, not residing in Wilmington, mileage compensation was computed for his coming to and returning from the court in connection with his attendance January 13, 1903, and for his coming to and returning from the court in connection with his attendance January 26, 1903. It is suggested, rather than seriously argued, by the District Attorney, that mileage was erroneously computed in that each juror was entitled to receive mileage compensation for only one round trip, or for coming to attend the court on the first named day and returning from the court to his residence on or after the last named day. Section 852 of the revised statutes [U. S. Comp. St. 1901, p. 656], as amended, relating to jurors' fees and mileage compensation, in its application to the district of Delaware, provides "for actual attendance at any court or courts, and for the time necessarily occupied in going to and returning from the same, three dollars a day during such attendance", and with respect to mileage compensation, that "for the distance necessarily travelled from their residence in going to and returning from said court by the shortest practicable route, five cents a mile". There is a legal fiction that a term of court is but one day. Legal fictions are resorted to for the furtherance of justice; but must always yield to a statute the operation of which is inconsistent with the recognition of such fictions. The allowance of a per diem of three dollars for each day's attendance wholly excludes the application of the fiction referred to so far as compensation for attendance is concerned. And, in my judgment, such fiction is equally inapplicable to the allowance of mileage compensation. The question to be decided on the facts before the court is, not whether mileage compensation should separately be computed and allowed with reference to each and every day jurors may under due process be in attendance on the court, but whether jurors, who, having under such process been in such attendance January 13, 1903,

and having on that day been discharged until January 26, 1903, when they again attended court under such process, and having on the latter day been finally discharged, are not entitled to mileage compensation for two round trips to court. Any fair construction of the statute requires that the mileage compensation as reported should be allowed. To hold otherwise would not only be unwarranted by the language of the statute but would impose such hardship on the jurors as it is unreasonable to assume congress intended. I am not aware of any authority at variance with this conclusion. It is not intended in this opinion to decide any question relating to jurors' mileage compensation other than that presented by the facts disclosed in this case. For the reasons above given the mileage compensation as reported by the clerk must be allowed.